first case, Kumar v. Garland. Council, you may proceed. Good morning, judges. My name is Guido Moreta. I've come, traveled here from Brooklyn, New York to advocate for my client, Rajesh Kumar, who is the petitioner in Kumar v. Garland number 22-9533. Now, so the petitioner is a native and citizen of India. He's come to the United States. He aversed that he's come to the United States in order to escape from persecution on account of his political opinion. When he first arrived in the United States, he was, he did sit for a credible fear interview and an asylum officer found that he had a political opinion. Unfortunately, he never did have the opportunity to reach the merits of his claim regarding asylum because, frankly, his immigration court proceeding did not go his way. At the first hearing that he had before the immigration court, the immigration judge provided him with a deadline to submit the asylum application at the next hearing. And at the next hearing, he didn't have the asylum application. As a result, the immigration judge deemed his application to be abandoned and ordered him removed from the United States. Now the basis of the present proceeding is the petitioner's motion to reopen, which he initially filed before the immigration judge. And that's not what you're appealing. You're appealing the BIA's denial of sua sponte reopening. Yes. After the immigration judge denied the initial motion to reopen, this went to the BIA. And in the briefing before the BIA, the argument was really clarified and came out more that the sua sponte authority of the BIA should be exercised because of exceptional circumstances are that his due process rights were violated at the previous proceeding before the immigration court when his request for continuance was denied and his application was deemed abandoned. Well, counsel, do you agree that Mr. Kumar has the burden to establish that this court has appellate jurisdiction? Yes, of course. As far as the jurisdictional issue, the discretion of the BIA to deny a sua sponte motion to reopen is unfettered and it's unreviewable by this court. However, the court has held in a precedential case, that's Reyes-Vargas v. Barr, 958 F. 3rd, 1295, that although the discretionary decision of whether to reopen or not is unreviewable, the court can review whether there was any error of legal, any legal error or error regarding the constitution that the BIA relied on in reaching its decision. Well, in Reyes-Vargas, however, in Berdiev, the court was referring to a legal error that would have precluded the non-citizen's eligibility for relief, right? It's not, you can't consider just any legal violation because that's all, frankly, we ever do is adjudicate legal errors. Yes. So it can't be, can it, that you can overcome the statutory bar on jurisdiction for sua simply by arguing that there was some legal error. It's a legal error that precludes eligibility for relief, right? Yes. And in this case, it was a legal error. Well, the legal error pertains to the basis of the motion, of his request for a continuance before the immigration court. When his application was deemed abandoned, he told the immigration judge that he wanted a continuance specifically for the purpose of hiring an attorney. And he also mentioned that he didn't speak English and that he wasn't able to fill out the asylum application on his own for that reason. Could we just back up a bit in terms of the line of questioning thus far? Did the BIA ever say that it lacked the authority to reopen removal proceedings? No, they didn't say that they lacked the authority. But in issuing their denial of the sua sponte, they specifically addressed and answered the legal question and constitutional question that we brought up in our brief, which was that there was a constitutional error and an application of the wrong legal standard in denying the continuance. But at that point, didn't the BIA still have discretion as to whether to grant relief for, well, as to whether to reopen? Even after it addressed due process, exceptional circumstances, country conditions, didn't it still have discretion as to whether it could reopen? Certainly. And in fact, they did it. Did it misperceive that it had that discretion in any way? Well, in this case, no, the error of law did not specifically pertain to misperceiving their authority. In this case, the error of law pertains to, okay, so the error of law pertains to misperceiving their authority. Once the sua sponte motion is before the board, they're not required to answer any legal questions that we bring up. They could say for their own reasons, either that we're denying this in spite of any constitutional issues that might happen, or they could even say that it seems that there was a constitutional issue, but we still want to deny this based on our own unfettered discretion, and that would be an unreviewable decision. But in this case, they specifically addressed and answered our question regarding a due process violation, and they said that they disagree. On the merits? On the merits, yes. The board said, in particular, we disagree with the petitioner's, or in that case, the petitioner's, position. Is it your position, counsel, that if ... Tell me if I'm misunderstanding it, that although the BIA generally has unfettered, unreviewable discretion to decline sua sponte reopening, if they entertain the merits, then that opens up the denial of sua sponte reopening to judicial review. In other words, once the BIA decides to entertain the merits, all bets are off that overcomes the statutory bar on judicial review. Is that the argument? The argument is that if their discretionary decision explicitly relies on an error of law, that the court has jurisdiction to remand the motion, not to tell them that they have to come up with a different answer, but only that they have to consider their own discretion under the correct legal framework. But the error here is the merits, the denial of due process. And I think you acknowledge that that is a merits-based determination, right? It is, but it's also something that specifically relates to legal issues. And in this case, the actual legal error that the BIA made in holding that there was no constitutional law was that they didn't acknowledge that this due process claim actually pertains to the petitioner's invocation of his right to counsel. Now the petitioner did invoke his right to counsel, and when a petitioner does that in court, there's a different standard for a continuance. Well, counsel, could you take this back to Reyes-Vargas? Yes. I mean, that's where we started, and as I understand it, you're relying on that case. Yes. So how does Reyes-Vargas help you insofar as the argument you just made? As far as I understand Reyes-Vargas and the interpretation of Reyes-Vargas that the petitioner is relying on, is that when the BIA issues legal findings in a decision, although the ultimate conclusion of whether to exercise sua sponsae authority is unreviewable, the BIA answers as part of the reason that they are coming up with their ultimate decision are reviewable by the court. Okay. Well, counsel, just help me understand then why it is, back to Judge Bacharach's question, why you're not arguing for any legal error is reviewable. Can you give us a category of legal errors that are reviewable under your reading? Okay. So the issue here is that there actually is no merits legal argument in the underlying motion. The motion is asking the board to exercise its unfettered discretion, and the legal argument is not really a merits argument. It's really an argument that the board should consider this legal issue in exercising its discretion. And so if the board makes a legal error regarding the circumstances underlying the request to the board, then that is something that the court can send back in order for them to actually consider the motion under the correct legal framework. Well, just coming back to where we started with the Pellet jurisdiction and your reliance on Reyes-Vargo, is it correct to say that you're not relying on any other ground other than that precedent? That is correct. And there is also a citation to the Second Circuit case which Reyes-Vargo cited to, which I would say does have a little bit more persuasive explanation of this exception to the normal jurisdictional limits on reviewing a sua sponte motion to reopen. And I think, I do believe the Reyes-Vargo decision did specifically relate to a legal error involving the board's own jurisdiction, but when they cited to the Second Circuit case and appeared to fully agree with and adopt some of the reasoning from that case, from that decision, that Second Circuit case does go into it a little bit more and perhaps a little bit, yeah, it's a little bit more clear that the legal errors that can be reviewed don't just pertain to the jurisdiction of the board to do a sua sponte reopening, but also to their reasoning that they rely on when they decide to issue the decision. And I would like to save the rest of my time for rebuttal.  Thank you, counsel. May it please the court. My name is Jonathan Robbins and I'm here on behalf of Merrick Garland, the Attorney General. Good morning to everyone. The key question in this case is whether the court should dismiss the petition for review for lack of jurisdiction. The precedent of this court makes clear that the court does not have jurisdiction to review the board's refusal to exercise its sua sponte authority to reopen proceedings and that the court has explained in the past that there are no restrictions in the regulations on the agency's sua sponte authority and there are therefore no meaningful standards by which the court can review that type of determination. So the government would respectfully request that the court apply its precedent and dismiss the petition for review for lack of jurisdiction. Now, understandably, the petitioner is arguing that he qualifies for an exception to that jurisdictional limitation and it is true that this court has carved out a limited exception, but the government respectfully disagrees with the scope of that exception and does not believe that it extends to a case like this. Your honors have already alluded to this, but the exception that the court has carved out has been in situations where the board was essentially relying on a legal error that made it think that it didn't have the authority to apply its discretion. So for example, the Reyes-Vargas case upon which petitioner relies, that was a case where the board was interpreting its own regulations and it interpreted its own regulations to be that, to read such that it thought that the immigration judge did not have jurisdiction to exercise its authority. And so the court said that it had jurisdiction to assess whether that legal error had essentially fooled the board into thinking that it didn't have the authority to exercise its jurisdiction. But it's never been extended to a situation where the board, as here, understood that it had the discretionary authority and exercised that authority. Your honors have also alluded to this in the opening presentation with my client, but there's, if you were to adopt the petitioner's sort of scope of this exception, there really wouldn't be any limiting principle. It would just be any legal error, which your court examines on review. But haven't we done exactly what the petitioner suggests in interpreting 8 U.S.C. section 1252 A.2.D. in Salgadio-Turbio v. Holder, where our court in a published opinion said, nor does petitioner's attempt at a due process argument vest us with jurisdiction. We do have jurisdiction to review, quote, constitutional claims or questions of law raised in a petition for review, citing 8 U.S.C. section 1252 A.2.D. How do we get around 8 U.S.C. 1252 A.2.D.? That provision is specific. It's the limited review provision. It's tied to jurisdictional bars in section 1252 A.2.B. of the statute. So there are certain jurisdictional bars in that statute that preclude jurisdiction, and that provision sort of works in conjunction with those bars to restore jurisdiction over questions of law and constitutional questions with respect to those jurisdictional bars. But I don't know that the Supreme Court has examined that bar, and I think most recently in the Guerrero-Lasprilla case. Could you say that again? The Supreme Court has recently examined that jurisdiction, the limited review provision under 1252 A.2.D. in a case called Guerrero-Lasprilla. That's a very recent Supreme Court case where it was examining that provision. But nothing in that decision by the Supreme Court sheds doubt on the universally accepted notion that there is no jurisdiction to review sua sponte denials of relief. But wasn't Salgado-Taribio a sua sponte reopened case? As I recall, I believe that was a case where the agency essentially found that an individual wasn't eligible for discretionary relief. And again, that's a different situation that we have here. That's a situation where, again, the Board was essentially fooled into thinking that it didn't have the discretion to apply its sua sponte authority because it thought that the individual wasn't eligible for that type of discretion. That's not really what we have here. The Board here was not in any way fooled into thinking that it didn't have discretion to exercise its sua sponte authority. That's exactly what it did. And the root dispute in this case is the petitioners arguing that he established circumstances that warrant that exercise of sua sponte authority and the Board disagreed. That is exactly what the jurisdictional bar is supposed to cover. While we're on Tenth Circuit cases, there's another one I'm interested in hearing you Are you familiar with that one? Not Mendiel. Are you perhaps referring to Oliva Melendez or Oliva Mendez? I did see an unpublished decision of this court that basically sort of talked about the limit of the scope of the exception to jurisdictional limitations in sua sponte proceedings. And it essentially said the same thing that I'm telling you now, which is that it basically distinguished the Reyes-Vargas case by saying that it had that was a case where the Board was essentially fooled into thinking that it didn't have the discretion. But I don't know about the Mendiola case. Yes, neither of you cited it. So if you have a specific question about it, I can answer it. No, that's fine. I think since no one cited it, it probably isn't productive to take time there. Okay. Now, even regardless of whether or not the scope of the scope of the jurisdictional extension applies to this case anyway, the petitioner, the Board pointed out that the petitioner didn't establish a due process claim anyway. I mean, the petitioner really defaulted on a due process claim. He accepted the removal order back in 2019, and he never filed an appeal to the Board. That's the proper avenue for raising a due process violation. If you think that the immigration judge made some sort of error that deprived you of your rights, he had process to pursue that, but he didn't do that. He didn't file an appeal if he had been unhappy with what the Board said about that. He could have filed a petition for review before this Court. He could have filed a timely motion with the immigration judge. He didn't do any of those things. Instead, he waited a year and a half, and he filed a sua sponte motion with the Board. And the Board and the immigration judge both pointed out a number of things. First of all, the Board pointed out that it didn't agree that he had established a due process violation, right? The immigration judge granted him a month's continuance and then didn't grant a second continuance. That's really all the information we have because he never filed an appeal, right? If he had filed an appeal, the Board would have ordered a transcript of the immigration judge's proceedings, and we'd have a record to see what happened before the immigration judge. Because he didn't file an appeal, we don't have that. So he's got the burden of showing that in his motion to reopen, and all he really said in his motion to reopen is that the IJ denied my request for a second continuance. That in and of itself does not establish a due process violation. And the Board said, we don't agree that a due process violation has been established. The Board also adopted and affirmed the immigration judge's decision. And the immigration judge pointed out that the petitioner accepted his order of removal and just ignored that order of removal before filing his motion to reopen. He didn't file these appeals and follow this process that he had available to him. And it talked about the interest of finality in proceedings and not rewarding somebody who doesn't follow the proper procedures for raising these claims, right? It pointed out that motions to reopen sui sponte are not supposed to be intended for cures to procedural defaults when you had an opportunity to do something and just didn't do it. And so even if you thought that there was a due process violation, there are alternative reasons provided by the agency as to why sui sponte reopening wasn't warranted. So even if you disagreed with the government on the scope of the legal exception, and even if you disagreed with us that there was a due process violation, there are still alternative reasons for the denial of sui sponte reopening in this case that would pass muster. So unless the court has any specific questions about the case, I don't know that the government has much more. Well, I don't know if this is a question about the case, but I did have, I puzzled a little bit over this notion that if the petitioner files a motion for reopening, why is it sui sponte if there's a motion that's been filed? It just seems contradictory. It's true. I mean, a sui sponte exercise is always spurred by a motion of the parties. The board doesn't have, you know, sui sponte Tuesdays where it goes into its file and just decides to reopen something. But it is a little bit odd. Well, I'm glad you said that. I didn't worry about that. I mean, I think it's just sort of a safety net in the regulations that allows the agency to reopen if there's really an exceptional circumstance, right? So obviously, one of the parties is going to end up bringing that to the board's attention. But there have been situations where the board has maybe realized an error in its decision and sui sponte reopened. So the board can do it, but it's really just designed to be a safety net if there's something significant that gives the agency some leeway. So unless there are any further questions, thank you very much for your time, Your Honors. Thank you, Counsel. I believe we have some rebuttal time. I'm sorry. I would like to respond to one of the arguments made by the government regarding the respondent's opportunity that he had to file an appeal or to file a timely motion to reopen. And unfortunately, in this case, when respondent was denied his continuance to retain counsel and his application was deemed to be abandoned, he was left in a much worse position than he would have otherwise been in, which, in fact, made his efforts to retain counsel much more difficult. And they already were difficult when he got there. He spoke no English. He was detained. He made every effort he could to get an attorney because he wanted to move forward with his meritorious asylum claim that was already found to be credible and prima facie eligible by the asylum officer. Despite these motivations that he had to get an attorney and go forward, he wasn't given the time he needed to get an attorney, which also affected his ability to file a timely notice of appeal, to file a timely motion to reopen. And ultimately, by the time he got an attorney, it was about a year and a half later. It's not that he waited a year and a half. That's how long it took him to get an attorney. And the attorney had to do a lot of research and figure out what to do about this case and how to move it forward. There was a changed country conditions argument as well, which, unfortunately, is not strong because of the fact that his actual asylum application was deemed abandoned. And therefore, he can't go back and say that any of his previous circumstances from before these changed circumstances are even relevant, even if there is changed country conditions, which is why we had to drop that argument and argue only the sua sponsae motion, which was based on an error of law by the board in misperceiving the basis of the motion for a continuance, failing to acknowledge the invocation of the right to counsel, and ultimately denying him due process and his regulatory and statutory right to be represented by counsel at no expense to the government in these removal proceedings. Thank you. Thank you, counsel. Thank you both for your arguments this morning. The case will be submitted and counsel are excused.